

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE BENNETT, | Civ. 09-4079 |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PROGRESSIVE NORTHERN INSURANCE, INC., a Ohio Corporation, | |
| Defendant. | |

The Plaintiff, by and through his counsel, Janklow Law Firm Prof. L.L.C., for his cause of action against the above-named Defendant, states and alleges as follows:

## PARTIES

1. Bennett is a citizen of South Dakota.

2. Progressive is an insurance company believed to be organized under the laws of Ohio with its principle place of business in Mayfield Village, Ohio.

## JURSIDICTION

3. This is a diversity action. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and complete diversity exists between Bennett and Progressive. This Court has the authority to render a declaratory judgment pursuant to 28 U.S.C. § 2201 because an actual controversy exists between the parties within this Court's jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial amount of the acts and omissions giving rise to this claim occurred in this district. Additionally, the insurance policy at issue was executed in this District.

1

## FACTS

5. During all relevant times to this action, Bennett had an automobile insurance policy with Progressive. The policy contained insurance coverage in the event Bennett was injured by an underinsured motorist ("UIM").

6. On October 8, 2007, Bennett was traveling through Missouri to New Orleans to do volunteer work cleaning up the city post-Hurricane Katrina.

7. Bennett was traveling west on United States Highway 160 in his Ford Focus at approximately fifty-five miles per hour.

8. The tortfeasor, Donna Bailey ("Bailey"), was traveling east on Highway 160 at approximately 55-60 miles per hour in a sport utility vehicle.

9. Ms. Bailey unexpectedly swerved into Mr. Bennett's lane of traffic, causing a head on collision between the two vehicles.

10. A motorcycle, which was following Bennett, could not stop in time and smashed into the rear of Bennett's vehicle. Bennett recalls hearing someone yelling for help immediately after the collisions. He attempted to exit his vehicle to provide assistance, but immediately fell to the ground unconscious.

11. Bennett was taken by Air Evac to Ozark Medical Center. He was nauseous and constantly vomiting. His entire body was sore, including his knees, which had smashed into the dash upon impact.

12. Bennett treated for several months after the collision. He treated with Dr. Wilson Asfora, who determined Bennett required surgery and that the collision was a substantial contributing cause of Bennett's need for surgery.

13. At present, Bennett has not had the surgery recommended by Dr. Asfora. However, he has incurred a great deal of medical expenses and intends on having surgery at a future date.

14. Bailey was cited by the Missouri Highway Patrol for failing to maintain her line of traffic. Her liability for the collision is beyond dispute.

15. Bailey's insurer, Allstate, tendered the policy limits of $100,000 to Bennett. Progressive declined to substitute its draft.

16. Bennett made a claim to Progressive for UIM benefits. He attached his medical records, the opinion of Dr. Asfora, and other pertinent documents to his claim.

17. Progressive has refused and continues to refuse to pay Bennett any UIM benefits.

## CAUSE OF ACTION- -DECLARATORY JUDGMENT

18. Paragraphs 1 through 17 are incorporated herein as if set forth in full.

19. Bennett had a policy of insurance in place with Progressive for UIM benefits.

20. Bennett suffered a great deal of past medical expenses, pain, suffering, and loss of mobility as a direct and proximate result of Bailey's undisputed negligence. In addition, Bennett will suffer a great deal of future medical expenses, pain, suffering, and loss of mobility as a direct and proximate result of Bailey's negligence.

21. The policy limits tendered by Allstate is insufficient to fully compensate Bennett for his damages and Bennett has not been made whole by payment of such proceeds.

22. Progressive has a contractual duty to pay UIM benefits to Bennett for the amount of his damages in excess of the proceeds paid by Allstate.

23. An actual controversy exists between Bennett as to whether the amount of his damages exceeds the amount tendered by Allstate and thus whether Progressive is liable for UIM benefits.

**WHEREFORE**, Bennett respectfully requests the following relief:

(1) For a determination by the jury as to the amount of his damages;

(2) For a declaration by the Court that Progressive is liable for any amount determined by the jury in excess of the policy limits tendered by Allstate;

(3) For interest, costs, and attorney's fees to the extent allowable by South Dakota law;

(4) For such further relief the Court determines just.

Dated this 5th day of June, 2009.

JANKLOW LAW FIRM, PROF. L.L.C.

By _____
A. Russell Janklow
Andrew R. Damgaard
1700 West Russell Street
Sioux Falls, SD 57104
(605) 332-0101

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

_____
A. Russell Janklow